UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALDO DELGADO; DAMIAN MENDEZ,

      Plaintiffs,

v.                              CASE NO.: 2:17-cv-411-FtM-99MRM

GATOR MULCH OF S.W. FLORIDA,
INC, a Florida Profit Corporation,
as successor in interest to FLORIDA
SPREADING SERVICES, LLC;
MANUEL GAMEZ-NINO,
Individually, and HEIDI SARIOL,
Individually,

      Defendants.

_____/

## VERIFIED AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ALDO DELGADO ("DELGADO") and DAMIAN MENDEZ ("MENDEZ"), by and through undersigned counsel, file this Verified Amended Complaint against Defendants, GATOR MULCH OF S.W. FLORIDA ("GATOR MULCH"), a Florida Profit Corporation, as successor in interest to FLORIDA SPREADING SERVICES, LLC ("FL SPREADING SVC"); MANUEL GAMEZ-NINO ("GAMEZ-NINO"), individually; HEIDI SARIOL ("SARIOL"), individually, (collectively "Defendants"), and state as follows:

### JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C.

§216(b).

## PARTIES

3.      At all times material hereto, Plaintiffs were and continue to be a residents of Hendry County, Florida.

4.      At all times material hereto, GATOR MULCH was and continues to be a Florida Profit Corporation. Further, at all times material hereto, GATOR MULCH was and continues to be engaged in business in Florida, with its principal place of business in Hendry County, Florida.

5.      At all times material hereto, FL SPREADING SVC was a Florida Profit Corporation. Further, at all times material hereto, FL SPREADING SVC was engaged in business in Florida, with its principal place of business in Hendry County, Florida.

6.      At all times material hereto, GAMEZ-NINO was a resident of Hendry County, Florida.

7.      At all times material hereto, GAMEZ-NINO owned and operated GATOR MULCH.

8.      At all times material hereto, GAMEZ-NINO owned and operated FL SPREADING SVC.

9.      At all times material hereto, GAMEZ-NINO regularly held and/or exercised the authority to hire and fire employees of GATOR MULCH.

10.     At all times material hereto, GAMEZ-NINO regularly held and/or exercised the authority to hire and fire employees of FL SPREADING SVC.

11.     At all times material hereto, GAMEZ-NINO regularly held and/or exercised the authority to determine the work schedules for the employees of GATOR MULCH.

12.     At all times material hereto, GAMEZ-NINO regularly held and/or exercised the authority to determine the work schedules for the employees of FL SPREADING SVC.

2

13.    At all times material hereto, GAMEZ-NINO regularly held and/or exercised the authority control the finances and operations of GATOR MULCH.

14.    At all times material hereto, GAMEZ-NINO regularly held and/or exercised the authority control the finances and operations of FL SPREADING SVC.

15.    By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of GATOR MULCH; (b) determine the work schedules for the employees of GATOR MULCH; and (c) control the finances and operations of GATOR MULCH, GAMEZ-NINO is an employer as defined by 29 U.S.C. 201 *et. seq.*

16.    By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of FL SPREADING SVC; (b) determine the work schedules for the employees of FL SPREADING SVC; and (c) control the finances and operations of FL SPREADING SVC, GAMEZ-NINO is an employer as defined by 29 U.S.C. 201 *et. seq.*

17.    At all times material hereto, SARIOL was a resident of Hendry County, Florida.

18.    SARIOL exercised supervisory authority over employees of Defendants' business, specifically, she recommended and directed the termination of each Plaintiff in this matter.

19.    In addition, SARIOL had responsibility for the calculation and issuance of employee pay checks.

20.    SARIOL signed paychecks on behalf of Defendants, including paychecks issued to Plaintiffs.

21.    Further, upon information and belief, SARIOL handled various aspects of running the day to day functions of Defendants' business, including but not limited to, handling purchase orders, signing checks, and payroll.

22.    SARIOL carried insurance for, and registered, the business' vehicles in her name.

23.    The property which served as the offices for both GATOR MULCH and FL SPREADING SVC was held in SARIOL's name.

24.    In various public settings, including family gatherings at which Plaintiffs were present, SARIOL held herself out as an individual with authority over, and an ownership interest in, FL SPREADING SVC.

25.    Upon information and belief, SARIOL was responsible for signing, and had authority to sign, loan applications and loan documents, lease applications and lease documents, and contracts to purchase goods and materials on behalf of GATOR MULCH and FL SPREADING SVC.

26.    By virtue of 1) having exercised direct authority over the firing of Plaintiff ALDO DELGADO; 2) handling and controlling certain day-to-day operations of Defendant's business including, but not limited to, payroll, purchasing, running the office,  and contracting for insurance; 3) representing herself as an owner, principal or officer/director, and maintaining an ownership interest in Defendants' business as evidenced by the business property and vehicles being owned/registered in her name; 4) acting in the capacity of an officer/director/owner by virtue of the conduct described above; and 5) maintaining involvement in the day-to-day operations of the business, including specific involvement in the unlawful practices alleged herein through her direct role in determining, calculating and processing the amounts paid to Plaintiffs, SARIOL is an employer as defined by 29 U.S.C. 201 *et. seq*

27.    At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

28.    At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of FLSA.

29.    At all times material hereto, Defendants were the "employers" within the meaning

4

of FLSA.

30.     At all times material hereto, Defendant, GATOR MULCH, was the successor in interest to Defendant, FL SPREADING SVC and therefore liable to Plaintiff under the FLSA for the FLSA violations of FL SPREADING SVC.  Specifically, the business of GATOR MULCH is a continuation of FL SPREADING SVC's business; and GATOR MULCH knew of the violations alleged herein at the time it took over the business of FL SPREADING SVC.

31.     At all times material hereto, Defendants GATOR MULCH and FL SPREADING SVC used the same physical location, at least for some period of time, and serviced and continue to provide the same services to the same area without any break in operations; the employees of GATOR MULCH and FL SPREADING SVC were the same; the same jobs existed at FL SPREADING SVC existed at GATOR MULCH; the supervisors at FL SPREADING SVC were the same as those at GATOR MULCH; the same equipment and methods of production were used by GATOR MULCH as were previously used by FL SPREADING SVC; and the same services were offered by GATOR MULCH that were previously offered by FL SPREADING SVC.

32.     Defendants were and continue to be "employers" within the meaning of FLSA.

33.     At all times material hereto, GATOR MULCH was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

34.     At all times material hereto, FL SPREADING SVC was "an enterprise engaged in commerce," within the meaning of FLSA.

35.     At all times material hereto, GATOR MULCH was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

36.     At all times material hereto, FL SPREADING SVC was an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

37.     Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

38.     At all times relevant hereto, Defendants had more than two employees.

39.     At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

40.     At all times hereto, Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA.

41.     At all times hereto, Plaintiffs were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

42.     At all times material hereto, the work performed by the Plaintiffs were directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

43.     From November 2014 to December 25, 2016, Plaintiff ADLO DELGADO was and continues to be a resident of Hendry County Florida.

44.     Defendants hired Plaintiff DELGADO to work as a non-exempt driver with his last title being Operations Manager.

45.     From August 10, 2016, to May 6, 2017, Plaintiff DAMIAN MENDEZ was and continues to be a resident of Hendry County Florida.

46.     Defendants hired Plaintiff MENDEZ to work as a non-exempt employee with his last title being Operations Manager.

47.     Neither Plaintiff regularly supervised two or more full-time employees.

48.     Neither Plaintiff exercised discretion over matters of significance in their work for Defendants.

6

49.    Both Plaintiff's work consisted of manual work in the field, and not work in an office.

50.    At various material times hereto, Plaintiffs worked for Defendants in excess of forty (40) hours within a work week.

51.    Defendants failed to compensate Plaintiffs at a rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours in a single work week.

52.    Plaintiffs should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiffs worked in excess of forty (40) hours per week, as required by the FLSA.

53.    Defendants have violated Title 29 U.S.C. §207 during the term of Plaintiff's employment, in that:

     a.    Plaintiffs worked in excess of forty (40) hours per week for the period of employment with Defendants;

     b.    No payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

     c.    Defendants failed to maintain proper time records as mandated by the FLSA.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

54.    Plaintiffs re-allege and reaver paragraphs 1 through 53 of the Complaint, as if fully set forth herein.

55.    Throughout their employment, Plaintiffs worked in excess of the forty (40) hours

per week for which Plaintiffs were not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

56.     Plaintiffs were and are entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

57.     At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

58.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiffs at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

59.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

60.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

61.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

        a.     Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of forty (40) hours per work week;

        b.     Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

        c.     Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

d.      Awarding Plaintiffs pre-judgment interest; and

e.      Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 5th day of January, 2018.

Respectfully submitted,

/s/ ANGELI MURTHY
ANGELI MURTHY, ESQ.
Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Tel: 954-318-0268/Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com
*Trial Counsel for Plaintiffs*

## VERIFICATION

I, **ALDO DELGADO,** declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Amended Complaint are true and correct based on my personal knowledge.

Dated: _01/05/18_                        _Aldo Delgado_
                                        **ALDO DELGADO**

10