UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALDO DELGADO; DAMIAN MENDEZ,

      Plaintiffs,

Case No. 17-cv-00411-UA-MRM

v.

GATOR MULCH OF S.W. FLORIDA, INC,
a Florida Profit Corporation, as successor in
interest to FLORIDA SPREADING
SERVICES, LLC; and MANUEL
GAMEZ-NINO, Individually,

      Defendants.
_____/

## ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, GATOR MULCH OF S.W. FLORIDIA, INC., and MANUEL GAMEZ-NINO ("Defendants"), by and through undersigned counsel, hereby files Defendants' Answer and Affirmative Defenses to Plaintiffs' Amended Complaint and Demand for Jury Trial, and states as follows:

### JURISDICTION

1. Admitted that Plaintiffs purport to bring a cause of action pursuant to the FLSA; however, denied that any acts or omissions capable of giving rise to an FLSA dispute ever took place.

2. Admitted that venue is proper.

### PARTIES

3. Without knowledge, therefore denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Without knowledge, therefore denied.

18. Denied.

19. Denied.

20. Without knowledge therefore denied.

21. Denied.

22. Without knowledge therefore denied.

23. Without knowledge therefore denied

24. Without knowledge, therefore denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## **STATEMENT OF FACTS**

43. Defendants are without knowledge, therefore, denied.

44. Denied.

45. Defendants are without knowledge, therefore, denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

54. Defendants adopt and restate the responses to Paragraphs 1 through 53 above, as if fully stated herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. This is a demand and does not require an admission or denial.

Denied that Plaintiffs are entitled to any of the relief set forth in the WHEREFORE clause following paragraph 51.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

### Second Affirmative Defense

Plaintiffs' damages, if any, are limited by the relevant statute of limitations of two years.

### Third Affirmative Defense

Plaintiffs are not entitled to damages for hours not actually worked during any workweek.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which they engaged in certain activities that were preliminary or postliminary to their principal activities.

### Fifth Affirmative Defense

To the extent the entity Defendant is found not to be liable, the individual Defendant, MANUEL GAMEZ-NINO, is also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the entity Defendant. *See*, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### Sixth Affirmative Defense

Plaintiffs are FLSA-exempt employees. Plaintiffs exercised discretion and independent judgment with respect to significant matters such as safety, quality control and the supervision of other employees.

### Seventh Affirmative Defense

Plaintiff does not qualify as an employee under the FLSA due to his status as an independent contractor.

### Eighth Affirmative Defense

Plaintiff does not qualify for individual coverage under the FLSA as he was not engaged in commerce or engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

### Ninth Affirmative Defense

Defendants are not engaged in commerce or in the production of goods for commerce; nor are Defendants employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(2).

### Tenth Affirmative Defense

Plaintiff's claims are barred as Plaintiff was properly compensated pursuant to the FLSA.

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, and reasonable attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the Federal Rules of Civil Procedure.

### JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

*Respectfully submitted*,

CORONA LAW FIRM, P.A.
3899 NW 7th Street, 2nd Floor
Miami, FL  33126
Telephone: (305) 547-1234
Facsimile: (305)266-1151
Email: rcorona@coronapa.com
Secondary Email: labor@coronapa.com

By: __/s/ Ricardo Corona___
    RICARDO R. CORONA
    Florida Bar No: 111333

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF upon all counsel of record on this 22th day of February 2018.

                                      CORONA LAW FIRM, PA
                                      Counsel for Defendant JIN JIN FOOD CORPORATION
                                      3999 NW 7th Street, Suite 202B
                                      Miami, FL 33126
                                      Tel: (305)554-1234
                                      Fax: (305)266-1151
                                      Email: rcorona@coronapa.com
                                      Secondary Email: labor@coronapa.com

                                      By: /s/Ricardo Corona, Esq.
                                      Ricardo Corona, Esq
                                      FL. Bar No. 111333