UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALDO DELGADO and DAMIAN MENDEZ,

    Plaintiffs,

v.                                       Case No:   2:17-cv-411-FtM-99MRM

GATOR MULCH OF S.W. FLORIDA, INC., MANUEL GAMEZ-NINO and HEIDI SARIOL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion to Approve Settlement Agreement, filed on July 19, 2018. (Doc. 37). Plaintiffs Aldo Delgado and Damian Mendez and Defendants Gator Mulch of S.W. Florida, Inc., Manuel Gamez-Nino, and Heidi Sariol request that the Court approve the parties' settlement, retain jurisdiction, and dismiss the action with prejudice upon Plaintiffs filing a notice when they receive the final payments. (Doc. 37 at 1). For the reasons set forth herein, the Undersigned cannot recommend that the Joint Motion to Approve Settlement Agreement (Doc. 37) be granted or that the Settlement Agreement and Mutual General Release of Claims (Doc. 37-1) be approved as they currently stand.

**I.**     **Legal Standard**

The FLSA was enacted to protect workers from substandard wages and oppressive work hours. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). In making the FLSA mandatory, Congress recognized that there are great inequities in bargaining power between employers and employees. *Id.* One safeguard for employees is that they "are likely to be represented by an attorney who can protect their rights under the statute." *Id.* 1354.

Thus, for a Court to approve the settlement of the FLSA claim, it must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Id.* at 1355; 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Lynn's Food Store, Inc.*, 679 at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54).

## II.   Analysis

Accordingly, the Court's task is to determine whether an FLSA settlement is a fair and reasonable resolution of the dispute. The Undersigned finds that the parties' motion and proposed settlement suffer from at least four (4) material deficiencies that preclude approval.

First, the Undersigned questions the total settlement amount of $23,000.00. (Doc. 37-1 at 2). According to the Settlement Agreement and Mutual General Release of Claims, Plaintiffs will receive a total of $16, 000.00 for "wages owed, liquidated damages, and a general release," and Plaintiffs' counsel will receive $7,000.00 in attorneys' fees and costs. (Doc. 37-1 at 2). The parties break down this amount in their Joint Motion as follows: (1) Plaintiff Aldo Delgado receives $12,000.00 for his alleged unpaid overtime compensation and potential liquidated damages; and (2) Plaintiff Damian Mendez receives $4,000.00 for his alleged unpaid overtime wages and liquidated damages. (Doc. 37 at 6).

The Undersigned finds the parties' representations to be insufficient to evaluate the fairness and reasonableness of the proposed settlement amount, especially when the Undersigned compares the settlement amount with Plaintiffs' prior sworn statements of record concerning the value of their FLSA claims.  Specifically, in Aldo Delgado's Answers to Interrogatories, Mr. Delgado stated under oath that he seeks $88,773.41 in unpaid wages and an equal amount in liquidated damages, for a total claim amount of $177,546.82.  (Doc. 18-1 at 4).  Alternatively, Mr. Delgado stated that if the Court finds that only a "halftime" calculation should apply, then he seeks $24,129.25 in unpaid wages and an equal amount of liquidated damages, for a total claim amount of $48,258.50.  (*Id.*).  Similarly, in Mr. Mendez's Answers to Court's Interrogatories, he seeks $8,004.86 in unpaid wages and an equal amount in liquidated damages for a total of $16,009.72.  (Doc. 18-2 at 4).  Thus, the amounts Plaintiffs originally sought in this case far exceed the amount of the proposed settlement of $16,000.00.  The parties have not addressed this discrepancy such that the Court may evaluate the fairness and reasonableness of the proposed settlement amount as compared to Plaintiffs' original damages estimates submitted under oath.

The Undersigned acknowledges that the parties set forth the following reasons why they decided to settle this matter:  (1) Defendants deny all liability; (2) Defendants claim Plaintiffs were FLSA-exempt employees; (3) the parties have some type of familial relationship with one another; (4) litigation is uncertain and Plaintiffs could recover significantly less if Defendants succeed in their defenses; and (5) Plaintiffs have concerns about Defendants' ability to satisfy any judgment at the end of litigation.  (Doc. 37 at 2-4).  However, these reasons do not directly address the substantial gap between the original request of nearly $200,000.00 in unpaid wages and liquidated damages, and the ultimate settlement amount of $16,000.00.

Second, the parties did not adequately delineate what portion of the $16,000.00 settlement amount is attributed to unpaid wages, liquidated damages, or consideration for the general release contained in the Settlement Agreement.  In the Joint Motion, the parties claim that Mr. Delgado receives $12,000.00 and Mr. Mendez receives $4,000.00 in consideration of their underlying claims for alleged unpaid overtime compensation, liquidated damages, and general release.  (Doc. 37 at 2-3).  No further apportionment between these categories is provided.  Without more information, the Court cannot determine whether the amounts allocated to unpaid overtime, liquidated damages, or consideration for the general release for each individual Plaintiff are fair and reasonable.

Third, the parties request that the Court retain jurisdiction through the close of the payment plan.  (Doc. 37 at 7).  The parties failed to provide any justification for the Court to retain jurisdiction.  Thus, absent an articulation of independent jurisdiction or compelling circumstances, the Court is not inclined to recommend that the presiding trial judge retain jurisdiction.  *See King v. Wells Fargo Home Mortg.*, No. 2:08-CV-307-FTM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (Steele, J.).

Fourth, the parties include a Mutual General Release of Claims in the Settlement Agreement.  (Doc. 37-1 at 3).  The *Lynn's Food Store* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims.  *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015).  The valuation of unknown claims is a "fundamental impediment" to a fairness determination.  *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010).  Moreover, the mutuality of a general release does not resolve the issue because a reciprocal release is "equally as indeterminate as Plaintiff's release."

*Shearer*, 2015 WL 2402450, at *4.  Thus, the parties must be required to explain more fully why the Mutual General Release of Claims is fair and reasonable.

**III.   Conclusion**

For the foregoing reasons, it is respectfully **RECOMMENDED** that:

(1) The Joint Motion to Approve Settlement Agreement (Doc. 37) be **DENIED without prejudice**; and

(2) The parties be ordered to elect one of the following options no later than August 28, 2018: [1]

    (a)   File an Amended Joint Motion to Approve Settlement Agreement that adequately addresses the issues identified herein; or

    (b)   Continue to prepare this case for the December 3, 2018 trial term.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 26, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[1] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties