UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALDO DELGADO and DAMIAN MENDEZ,

    Plaintiffs,

v.                                                 Case No:   2:17-cv-411-FtM-99MRM

GATOR MULCH OF S.W. FLORIDA, INC., MANUEL GAMEZ-NINO and HEIDI SARIOL,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is the Amended Joint Motion to Approve Settlement Agreement, filed on August 28, 2018.  (Doc. 40).  Plaintiffs Aldo Delgado and Damian Mendez and Defendants Gator Mulch of S.W. Florida, Inc., Manuel Gamez-Nino, and Heidi Sariol request that the Court approve the parties' settlement, retain jurisdiction, and dismiss the action with prejudice upon Plaintiffs filing a notice when they receive the final payments.  (Doc. 40 at 1).  As set forth below, the Court recommends that the Amended Joint Motion to Approve Settlement Agreement (Doc. 40) be granted and the Settlement Agreement and Release of Wage Claims be approved.

**I.     Legal Standard**

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA").  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-53.  The first is under 29 U.S.C. § 216(c),

providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

## II. Procedural History

On July 19, 2018, the parties filed a Joint Motion to Approve Settlement Agreement (Doc. 37). The Undersigned entered a Report and Recommendation, recommending that the Joint Motion to Approve Settlement Agreement be denied without prejudice. (Doc. 38 at 5). The Honorable John E. Steele, United States District Judge adopted the Report and Recommendation in an Opinion and Order (Doc. 39).

In the Report and Recommendation, the Undersigned found that the Joint Motion to Approve Settlement Agreement suffered from at least four (4) material deficiencies that precluded approval. (*Id.* at 2). First, the Undersigned questioned the total amount of the settlement in light of Plaintiffs' prior sworn statements seeking significantly larger amounts for

2

back wages. (*Id.* at 2-3). Second, the Undersigned found the parties did not delineate what portion of the $16,000.00 settlement amount was attributable to unpaid wages, liquidated damages, or consideration for the general release. (*Id.* at 4). Third, the Court found the parties failed to provide any justification for their request that the Court retain jurisdiction over the settlement. (*Id.*). Fourth, the Court noted that the Settlement Agreement included a Mutual General Release of Claims, but did not set forth any consideration for the parties foregoing or releasing of all claims against each other. (*Id.* at 4-5). Now the parties have filed an Amended Joint Motion and a revised Settlement Agreement and Release of Wage Claims that provide support for their positions. (Doc. 40; Doc. 40-1).

**III.   Analysis**

Plaintiff Delgado alleges that he worked for Defendants as a non-exempt driver with his last title being Operations Manager. (Doc. 25 at 6 ¶ 44). Plaintiff Mendez alleges that he worked for Defendants as a non-exempt employee with his last title being Operations Manager. (*Id.* at ¶ 46). Plaintiffs claim that they worked in excess of forty (40) hours per work week and Defendants failed to compensate them properly for the overtime hours. (*Id.* at 7-8 ¶¶ 51-52, 55-56). Plaintiffs also allege that Defendants failed to maintain proper time records. (*Id.* at 8 ¶ 57).

Defendants deny all liability as to Plaintiffs' claims. (Doc. 40 at 2). Defendants maintain that Plaintiffs were exempt employees under the FLSA, did not work the hours claims, and were fully compensated for any and all hours worked for Defendants. (*Id.*). The parties state that they engaged in extensive written discovery and exchange of documents and information relevant to the claims alleged. (*Id.*). Further, Plaintiffs and their counsel "had significant concerns regarding Defendants' solvency and ability to satisfy any judgment at all at the end of this ligation, which also led to the Parties entertaining settlement offers which were lower than what

they initially thought they would accept in this matter." (*Id.* at 3). Thus, even though a *bona fide* dispute exists between the parties, the parties decided to settle this matter. (Doc. 40 at 4; Doc. 40-1 at 2). Below, the Court highlights certain terms from the Settlement Agreement and Release of Wage Claims that were problematic in the prior Settlement Agreement.

### A.     Financial Terms of Settlement

In his Answers to Court Interrogatories, Plaintiff Delgado sought $88,773.41 in unpaid wages and an equal amount in liquidated damages, for a total claim amount of $177,546.82. (Doc. 18-1 at 4). Alternatively, Mr. Delgado stated that if the Court finds that only a "halftime" calculation should apply, then he sought $24,129.25 in unpaid wages and an equal amount of liquidated damages, for a total claim amount of $48,258.50. (*Id.*). In the Settlement Agreement, Defendants agree to pay Plaintiff Delgado $6,000.00 in unpaid wages and an additional $6,000.000 in liquidated damages. (Doc. 40-1 at 2).

Similarly, in Mr. Mendez's Answers to Court's Interrogatories, he sought $8,004.86 in unpaid wages and an equal amount in liquidated damages for a total of $16,009.72. (Doc. 18-2 at 4). In the Settlement Agreement, Defendants agree to pay Plaintiff Mendez $2,000.00 in unpaid wages and an equal amount of $2,000.00 in liquidated damages. (Doc. 40-1 at 2).

Plaintiffs state that given the uncertainty of litigation and the chance that Defendants would prevail on their defenses as to: (1) whether Plaintiffs were exempt from the FLSA; (2) whether Plaintiffs were employees of Defendants or independent contractors; (3) whether Plaintiffs worked fewer hours than claimed; and (4) whether travel time was compensable, the parties jointly reached a settlement of the claims. (Doc. 40 at 3; Doc. 40-1 at 2). In addition, Plaintiffs had significant concerns as to Defendants' solvency and the "very real possibility" that Plaintiffs would "end up with an uncollectable judgment if they were to prevail" and this concern

informed their decision to settle for a lesser amount. (Doc. 40 at 3, 4, 5-6). The Undersigned determines after review of the Answers to Court's Interrogatories, parties' Amended Motion, and the Settlement Agreement that these terms are fair and reasonable.

### B.  Mutual Release

In the Settlement Agreement, the parties included a mutual general release of claims that provides as follows:

> The parties desire to reach a full and final settlement and resolution of all past and present claims, controversies and disputes that Plaintiffs have or may have against Defendants and their parents and predecessors, affiliates, subsidiaries, related companies, owners, officers, directors, partners, employees or agents, in their individual or representative capacities (hereafter collectively the "Released Parties"), or that Defendants may have against Plaintiffs, related in any way to Plaintiffs' former employment with Defendants as of the date of this Agreement, including all claims alleged in this matter or any other matter, as well as any allegations that Plaintiffs are owed any wages, compensation, penalties, contractual amounts, or other monies, or any other claims that relate in any way to Plaintiffs' former employment with Defendants as of the date of this Agreement.

(Doc. 40-1 at 3 ¶ 7).

The *Lynn's Food Store* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). Moreover, generally the mutuality of a general release does not resolve the issue because a reciprocal release is "equally as indeterminate as Plaintiff's release." *Shearer*, 2015 WL 2402450, at *4.

In this case, however, the parties agreed that "separate consideration has been negotiated for the general release from Plaintiffs, and the mutual general release secured on both sides is

important to all Parties, to ensure that there is no additional litigation between the Parties, including any claims by Defendants against Plaintiffs." (Doc. 40 at 6 n.1). Further, the Court is aware that the parties have some type of "familial relations to one another, and wish to ensure that this settlement brings a complete 'peace,' which both sides feel will be effected through a mutual general release." (Doc. 37 at 3). Thus, in these circumstances, the Undersigned finds that a mutual release of all claims by all of the parties is fair and reasonable.

### C.     Retain Jurisdiction

The parties request that the Court retain jurisdiction through the close of the payment plan. (Doc. 40 at 4). The parties agree to a payment schedule because Defendants represent that they are unable to pay more than the amount stated in the payment schedule per month. (*Id.*). Thus, the parties request that the Court retain jurisdiction until the close of the payment plan. (*Id.*). Normally, the Undersigned is not inclined to recommend that the Court retain jurisdiction. In this case, however, the Undersigned finds good cause to recommend that the Court retain jurisdiction until May 1, 2020, approximately thirty (30) days after the date of the last payment.

### D.     Attorney Fees

Defendants agree to pay Plaintiffs' attorney's fees in the amount of $7,000.00. (Doc. 40-1 at 3). The parties negotiated the amount of attorney's fees and costs separately, and without regard to the amount paid to Plaintiff. (Doc. 40 at 6). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and

seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded that:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*. In the instant case, the parties reached a settlement and agreed upon the amount of attorney's fees and costs without compromising the amount paid to Plaintiffs. (Doc. 40 at 6). Thus, the Undersigned finds that the amount of attorney's fees is reasonable.

**IV.     Conclusion**

The Undersigned finds that the Settlement Agreement and Release of Wage Claims (Doc. 40-1) appears reasonable on its face. Thus, the Court recommends that the Amended Joint Motion to Approve Settlement Agreement (Doc. 40) be granted and the Settlement Agreement and Release of Wage Claims (Doc. 40-1) be approved.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Amended Joint Motion to Approve Settlement Agreement (Doc. 40) be **GRANTED**.

2) The Settlement Agreement and Release of Wage Claims (Doc. 40-1) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues.

3) The Court retain jurisdiction over this matter until May 1, 2020 and, thereafter, dismiss this action with prejudice.

4) If the District Court adopts this Report and Recommendation, then the Clerk of Court be directed to administratively close this action and terminate all pending motions.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 4, 2018.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties

8